# Richmond

## MARY ELLEN THRASHER V. SAMUEL H. THRASHER, SR., ET AL.

March 4, 1977.

Record No. 760222.

Present, All the Justices.

*Howard I. Legum (Louis B. Fine; Fine, Fine, Legum & Fine,* on brief), for plaintiff in error.

*Richard B. Spindle, III; Samuel Goldblatt (John Y. Pearson, Jr.; John Page Garrett; William L. Parker; Willcox, Savage, Lawrence, Dickson & Spindle, P. C.; Garrett, Garrett & Garrett,* on briefs), for defendants in error.

Per Curiam.

The plaintiff, Mary Ellen Thrasher, brought this action to recover from the defendants [1] the sum of $2,300, allegedly due

---

[1] The defendants are: Samuel H. Thrasher, Sr.; Herbert M. Thrasher, Jr.; Greenbrier Farms, Incorporated; Richard B. Spindle, III, Executor of the Estate of Allen S. Thrasher; William L. Parker, Executor of the Estate of Herbert M. Thrasher, Sr.; Samuel Goldblatt, Executor of the Estate of A. Roscoe Thrasher; and James N. Garrett, Executor of the Estate of R. Guy Thrasher.

pursuant to an obligation of the defendant Greenbrier Farms, Incorporated, to pay the plaintiff the sum of $100.00 per week "so long as she lives." After the plaintiff had filed a bill of particulars, had responded to requests for admissions, and had filed various exhibits, the defendants moved for summary judgment. The trial court granted summary judgment in favor of the defendants and dismissed the plaintiff's action.

From the record, it appears that Greenbrier Farms, Incorporated, for many years operated an extensive nursery business in what is now the City of Chesapeake. The principals in the corporation were seven Thrasher brothers who, prior to 1961, participated in its management and control. Disagreement arose, however, among the brothers, and protracted litigation resulted.[2]

In 1961, a chancery cause involving the Thrashers had been pending for some time; the suit sought an accounting and the appointment of a receiver for the corporation. At that time, two of the brothers, Thomas — husband of the present plaintiff — and Roscoe, had died. Their personal representatives and their widows were made parties to the suit.

On July 13, 1961, a consent decree was entered in the pending receivership suit. The decree recited the withdrawal of the prayer for the appointment of a receiver and, in addition, ratified, confirmed, approved, and made part of the decree three agreements entered into by the parties. The cause was retained on the docket, however, to permit the parties to apply for interpretation of the agreements and for other relief, including specific performance.

One of the agreements provided for the future management and operation of Greenbrier Farms, Incorporated. The agreement was executed by the living Thrasher brothers and the personal representatives of Thomas and Roscoe, representing all the stock ownership of the corporation, and by the corporation. Paragraph 8 of the agreement provided as follows:

> "The stockholders further agree that they will cause Greenbriar Farms, Inc. to adopt a pension and retirement plan within twelve months from the date hereof, the terms whereof

---

[2] Twice before, this court has been involved in different phases of the litigation. *Thrasher* v. *Thrasher*, 202 Va. 594, 118 S.E.2d 820 (1961); *Thrasher* v. *Thrasher*, 210 Va. 624, 172 S.E.2d 771 (1970).

shall be approved by five-sevenths vote of the Board of Directors. Until such retirement plan shall have been adopted, the widows of Thomas W. Thrasher [the deceased husband of the present plaintiff] and A. Roscoe Thrasher shall be paid by Greenbriar Farms, Inc. the sum of $100.00 per week . . . ."

The corporation has never adopted a pension and retirement plan. The widows, however, received the weekly installments specified in the agreement until sometime in 1965, when the payments ceased. On October 13, 1965, upon the petition of the widows, a decree was entered in the still-pending chancery cause ordering the special master of the court to pay each widow "the sum of $100.00 per week . . . until the further order of the Court."

The payments were resumed. The plaintiff continued to receive her payments until January, 1973, when they ceased again. In the meantime, sale of the Greenbrier Farms property and the assets of the corporation had been negotiated. For tax advantages, the transaction contemplated the "complete liquidation and dissolution" of the corporation within twelve months and the distribution of the proceeds of the sale. The plan was approved by the shareholders and directors in a joint meeting. The present plaintiff, who at the time was both a shareholder and a director, participated in approving the plan.

The plan was formalized in a written agreement dated October 2, 1972, executed by the corporation and all the shareholders and directors. In the agreement, each party released all other parties from "any and all claims . . . pertaining to . . . the ownership and operation of Greenbrier Farms, Inc. . . . or any other claims pending or subject to further assertion" in the still-pending receivership suit and another chancery cause with which it had been consolidated.

The October 2, 1972 agreement, however, provided further:

"[T]hat the matter of the payment to Mary Ellen Thrasher [the present plaintiff] of her pension of One Hundred Dollars ($100.00) per week is not released by her, and that she reserves the right to take such action as she may desire to enforce the payment in the event Greenbrier Farms, Incorporated, fails to make said payment . . . and that this privilege is granted unto Mary Ellen Thrasher notwithstanding anything else to the contrary in this Agreement."

On December 4, 1972, a consent decree was entered in the consolidated chancery cause. The decree ratified and approved the October 2, 1972 agreement and appointed special commissioners "for the sale of the real property of Greenbrier Farms, Inc. . . . and the distribution of the proceeds thereof." The decree also terminated the duties of the court's special master.

The contemplated sale was consummated and the proceeds were distributed. Although it is not clear from the record, apparently the corporation was dissolved. Presumably, the dissolution of the corporation prompted termination of the weekly payments to the plaintiff which, in turn, resulted in the institution of the present litigation.

On appeal, certain of the defendants contend that the trial court properly entered summary judgment in their favor because the 1961 agreement providing for the weekly payments to the plaintiff (1) was only temporary in nature, (2) was subject to the unfulfilled condition precedent that the corporation adopt a pension and retirement plan, (3) was lacking in consideration, and (4) was indefinite and uncertain and therefore unenforceable. We disagree with these defendants. The plaintiff's right to receive the weekly payments was not dependent alone upon the 1961 agreement. In addition, she was entitled to rely upon the 1961 decree which approved and incorporated the agreement and upon the 1965 decree which directed that the payments should continue until further order of the court. Neither decree was temporary in nature; neither was subject to any condition precedent; neither required any consideration to support it; and neither was indefinite or uncertain.

The same defendants contend further that because the plaintiff participated in approving the sale of the assets of Greenbrier Farms, Incorporated, and the dissolution of the corporation, she is estopped from asserting her present claim. We reject this contention. It ignores the reservation, contained in the October 2, 1972 agreement, of the plaintiff's right to pursue her claim.

Finally, all the defendants contend that the trial court properly entered summary judgment in their favor because the dissolution of the corporation rendered impossible further performance of the 1961 agreement providing for weekly

payments to the plaintiff. To support this contention, the defendants rely upon the rule that where, from the contractual language or surrounding circumstances, it is clear that the parties have based their contract on the continued existence of a particular thing or condition, the cessation of existence of that thing or condition will relieve the parties from liability on the contract. This, the defendants say, is a corollary to the rule that "[c]ontracts of a corporation made prior to its dissolution survive unless the circumstances are such that the contract must contemplate termination on such dissolution."

The plaintiff's right to receive the weekly payments is not subject, however, to the rule relied upon by the defendants. The 1961 agreement contemplated not the dissolution of the corporation and the termination of the rights and liabilities of the parties but, instead, the indefinite continuation of the corporation. Indeed, the agreement bore the legend, "For the Future Management and Operation of Greenbriar Farms, Inc.," and its provisions were devoted to the execution of that stated purpose.

Moreover, we are concerned not only with the agreement but also with the 1965 decree ordering continuation of the plaintiff's weekly payments. Whatever may have been the contemplation of the parties when they entered into the 1961 agreement, we know that by 1965 the situation had changed, and the plaintiff was required to seek the aid of the court to enforce her rights. The clear purport of the 1965 decree is that the plaintiff's right to receive the weekly payments would terminate, not automatically upon dissolution of the corporation, but only upon the further order of the court, an eventuality which has not yet occurred.

For the reasons assigned, we hold that the trial court erroneously awarded summary judgment in favor of the defendants. Accordingly, the judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*